IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRAVA SALON SPECIALISTS, LLC,

                          Plaintiff,                        ORDER

v.                                                22-cv-695-wmc

REF NORTH AMERICA, INC., and
REF INTERNATIONAL AB,
                          Defendants.

---

On November 15, 2023, the court granted plaintiff Brava's motion to file a second amended complaint that added REF Int'l as a defendant. Dkts. 69 and 70. On December 28, 2023, the court ruled that Brava had not established proper service on REF Int'l. Dkt. 84. On February 21, 2024, Brava filed a certificate of service for REF Int'l (dkts. 106 and 107), followed that same day by a motion to compel defendant REF NA "to produce documents in the possession, custody, or control of REF Int'l." Dkts. 108 & 109.

On March 6, 2024, REF NA responded in opposition, contending that it has honored its attorney's informal offer to provide REF Int'l documents as a courtesy, and that it does not have possession, custody or control of the remaining REF Int'l documents that Brava seeks in its motion. REF NA denies that REF NA and REF Int'l are sufficiently intertwined to make REF NA responsible for obtaining discovery from REF Int'l in response to Brava's demands, and it denies that it is obfuscating the relationship between these sister companies for that purpose. Dkts. 125-127.

Having considered both sides' submissions, the court finds that REF NA is correct: it has no obligation to provide REF Int'l documents to Brava in response to Brava's discovery requests. Brava has not established under the applicable test that REF NA has control over REF Int'l's documents, nor has Brava established that REF NA has backslided on any purported agreement to provide Brava with all of REF Int'l documents. Therefore, Brava's motion to compel is DENIED.

As both a practical and a legal matter, denying Brava's motion ought not impair Brava's ability to obtain REF Int'l's documents because Brava reports that it now has successfully served REF Int'l with the second amended complaint. REF NA opines that this is not the case, *see* dkt. 125 at 3 and 13, but REF NA cannot speak for REF Int'l, and its unsolicited opinion on this point is irrelevant.[1] If Brava is correct, then once REF Int'l appears in the case, Brava can serve its discovery requests directly on this defendant. Discovery doesn't close until May 31, 2024, so there would seem to be enough time to sort this out.

Although Brava lost its motion, the court will not shift costs under Rule 37(a)(5)(B) because the relevant facts about the defendants' relationship with each other were sufficiently debatable to justify Brava seeking a ruling from the court.

Entered this 8th day of March, 2024.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] The court is not taking a position in this order on whether Brava has properly served REF Int'l.